UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80713-Smith/Matthewman

NELSON FERNANDEZ,

    Plaintiff,

v.

SHOP 601, LLC,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES, COSTS, AND EXPERT EXPENSES [DE 12]**

This cause is before the Court on Plaintiff's Bill of Costs [DE 11] and Plaintiff's Application for Attorney's Fees, Costs and Expert Expenses [DE 12]. This matter was referred to the undersigned by the Honorable United States District Judge Rodney Smith. *See* DE 13. Plaintiff's Motions were filed on September 2, 2020. Defendant failed to timely respond to the Motions. Thus, this matter is ripe for review. For the reasons that follow, the undersigned **RESPECTFULLY RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** the motions.

### I. Background

These motions follow an action for declaratory and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36, and for declaratory and injunctive relief to prevent the continuing act of trespass against the Plaintiff's personal property (his personal computer), and for compensatory damages to Plaintiff for such trespass.

Plaintiff is visually impaired and physically disabled as he has been diagnosed with

Relapsing-Remitting Multiple Sclerosis ("RRMS"). [DE 1, ¶ 5]. As a consequence of his disease, Plaintiff has developed optic neuritis and is visually disabled, with complete blindness in one eye and very limited vision in the other eye. *Id.* Plaintiff is thus a "qualified individual" as defined by the ADA. Because of his disability, Plaintiff cannot use his personal computer without the assistance of additional technology. [DE 1, ¶ 6].

Defendant is an organization that owns and operates a chain of men's and women's footwear, handbags and accessories stores selling merchandise under the brand name "Melissa Shoes." [DE 1, ¶ 10]. Each Melissa Shoes store is open to the public. *Id*. As the owner and operator of these retail stores, Defendant is defined as a place of "public accommodation" within the meaning of Title III because Defendant is a private entity which owns and/or operates "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment[.]" *Id*. Defendant also owns, maintains, and operates a website called "htttps://www.shop601.com." *Id*. at ¶ 12.

Plaintiff Nelson Fernandez is interested in patronizing the Melissa Shoes website. *Id.* at ¶ 17. However, Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually impaired individuals using the screen reader software. *Id.* at ¶ 18. The website also lacks an accessibility policy. *Id*. at ¶ 20. Thus, significant barriers exist that prevent Plaintiff from freely and fully accessing the website. *Id* at ¶¶ 21-23. "The fact that Plaintiff could not communicate with or within the Website left him feeling excluded[.]" *Id*. at ¶ 24.

Plaintiff filed his action on April 29, 2020. [DE 1]. Defendant was served on April 30, 2020, and its Answer to the Complaint was due on or before May 21, 2020. [DE 4]. Defendant

failed to respond to the Complaint. Plaintiff moved for a Clerk's Entry of Default on May 28, 2020. [DE 6]. The Clerk entered default against Defendant on May 29, 2020. [DE 7]. Plaintiff moved for default judgment on June 9, 2020. [DE 8]. Defendant failed to respond to Plaintiff's motion for default judgment, and thus the Court granted default judgment against Defendant [DE 9] and entered final default judgment in favor of Plaintiff [DE 10]. Plaintiff now seeks attorneys' fees and costs for bringing this action.

## II. Entitlement to Attorneys' Fee Award

Under 42 U.S.C. § 12205, the Court has discretion to award a prevailing party in an ADA case "a reasonable attorney's fee, including litigation expenses, and costs." A "prevailing party" is one that "receive[s] at least some relief on the merits of his claim[.]" *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-04 (2001). Under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), a prevailing party "should ordinarily be awarded attorney's fees in all but special circumstances." *See also Bruce v. City of Gainesville*, 177 F.3d 949, 9521-52 (11th Cir. 1999).

The Court finds that Plaintiff qualifies as a prevailing party. The Court entered injunctive relief for Plaintiff on all the ADA violations alleged in the Complaint. [DEs 9, 10]; *see also Access for the Disabled, Inc. v. Wareagleraider, LLC*, No. 11-62233, 2012 WL 1831542, at *1 (S.D. Fla. May 18, 2012). There are no special circumstances that would justify a departure from the ordinary rule awarding attorneys' fees to a prevailing ADA plaintiff. Thus, the Court finds that Plaintiff is entitled to attorneys' fees and costs.

### III. Calculation of Plaintiff's Attorneys' Fee Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1994). "This 'lodestar' may then be adjusted for the results obtained" by the attorney. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

#### A. Counsel's Hourly Rate

Plaintiff seeks $425 per hour for Roderick Hannah, Esq., and $425 per hour for Pelayo Duran, Esq. *See* DE 12.

Mr. Hannah has been practicing law in South Florida for 36 years. [DE 12-1]. He actively practices ADA litigation. *Id.* Mr. Duran has been practicing law for 22 years, and also actively practices ADA litigation. [DE 12-2].

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999). To decide what a reasonable hourly rate is, the Court must consider

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n. 2 (11th Cir. 2008); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The fee applicant bears the burden of establishing the claimed market rate. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

The Court may use its own experience in assessing the reasonableness of attorneys' fees. *Norman*, 836 F.2d at 1299. The movant's burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*Id.* at 1303.

The undersigned finds that the rates sought are reasonable. In the Southern District of Florida, counsel in successful ADA actions are regularly awarded between $300 and $425 an hour. *See, e.g.*, *Buchholz v. Sai Saffron 180 LLC*, No. 19-21449, 2019 WL 5617927, at *3 (S.D. Fla. Oct. 31, 2019) (finding $420 and $350 hourly rates reasonable); *Kennedy v. Bonom Enter., Inc.*, No. 18-62175, 2019 WL 1429513, at *3 (S.D. Fla. Mar. 29, 2019) (finding $400 hourly rate reasonable); *Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1353 (S.D. Fla. 2017) (finding $219 hourly rate to be "well below the prevailing market rate").

Moreover, regarding these specific attorneys, Courts in this District have found the hourly rate of $425 to be reasonable. *See, e.g., Fuller v. Things Remembered, Inc*., 2020 WL 1316509 (S.D. Fla. Feb. 11, 2020); *Ariza v. Untuckit*, 2020 WL 408241 (S.D. Fla. Jan. 24, 2020). The Court sees no need to depart from the prior decisions regarding these two attorneys.

Accordingly, the undersigned **RECOMMENDS** that the District Judge find that a $425 per hour rate is reasonable for Mr. Roderick Hannah and Mr. Pelayo Duran.

### B. <u>Number of Hours Reasonably Expended</u>

Plaintiff's Motion alleges that Attorneys Hannah and Duran "spent a total of ____(sic)

5

hours working on this case." [DE 12, p. 6]. Other parts of the Motion actually include the amount of time billed by each attorney: 6.2 hours for Attorney Hannah, and 7.6 hours for Attorney Duran. [DE 12, p. 2].

In submitting a request for attorneys' fees, applicants must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The Court has carefully reviewed counsel's billing entries. [DE 12-1, 12-2]. The Court finds that many entries improperly utilize block billing, bill for clerical work, double bill for the same work performed, or are simply excessive. For example, Attorney Hannah billed 1.2 hours to "revise and finalize complaint; update Pacer and website review; prepare e-mail to co-counsel regarding same." [DE 12-1, p. 11]. This entry improperly utilizes block billing, as the Court cannot discern how much time was spent on each of the five tasks billed for in the billing entry. This entry also bills for clerical work, such as updating Pacer. *See Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (explaining that "work that is clerical or secretarial in nature

6

is not separately recoverable"). This entry is also simply excessive: the Court finds that it should not take Mr. Hannah—who has over 36 years of experience—1.2 hours to simply *revise* a 20-page complaint that has already been drafted.

Other apparent excessive entries billed by Mr. Hannah include 2.2 hours to "prepare, revise, and finalize motion for default judgment." [DE 12-1, p. 11]. That motion [DE 8] is only 12 pages long—and the majority of it is merely copy and pasted verbatim from the Complaint. The Court finds 2.2 hours is an excessive amount of time to complete this task.

Additionally, Mr. Hannah improperly double-billed. Specifically, one entry was to "prepare and revise application and affidavit for fees, costs, and expenses," and the next entry was to "revise and finalize application for fees, costs, and expenses." For these/this task(s) Mr. Hannah billed 1.8 and 0.6 hours, respectively. [DE 12-1, p. 11]. The Court finds that 2.4 hours for these/this task(s) is excessive for an attorney with Mr. Hannah's 36 years of experience.

Regarding Mr. Duran, the same problems are present. For example, he utilized improper block billing when he billed 1.5 hours to "continue preparation of initial draft of Complaint for RVH (co-counsel) review, correction, and approval; update site visit and Pacer review; review Complaint Exhibits for completeness." This entry also bills for clerical work, such as Pacer review.

If a court finds that hours billed by an attorney are excessive or unnecessary, it may reduce the number of hours in calculating the fee award. *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). Based upon all relevant factors, legal principles and a careful review of Plaintiff's motion [DE 12] and counsel's billing entries [DE 12-1, 12-2], the Court has considered a range of permissible options. The Court finds that a 50% reduction in the hours claimed by Plaintiff's counsel is appropriate to account for the billing deficiencies discussed above.

7

### C. Calculation of Lodestar Amount

After carefully considering all relevant factors and applicable law, the Court should reduce the hours claimed by Plaintiff's counsel by 50%. Plaintiff claimed $5,865. Based on the foregoing, the total amount of the attorneys' fees award should therefore be $2,932.50.

### D. Expert Fee

Plaintiff seeks to recover "litigation expenses" in the amount of $4,050 for the expert fee of Robert D. Moody, for services performed at a rate of $450 per hour. [DE 12].

42 U.S.C. § 12205 "permits a prevailing party in an ADA action to recover its attorney's fees, costs, and litigation expenses." *Kennedy*, 2019 WL 1429513, at *1–2; *see also* 42 U.S.C. § 12205. "A prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (citing *Lovell v. Chandler,* 303 F.3d 1039, 1058 (9th Cir. 2002)). But "[expert] costs incurred for the convenience of a party, for the purposes of investigation, or simply to aid a party in a more thorough preparation of a case are not recoverable." *Nat'l Bancard Corp. v. Visa, U.S.A., Inc*., 112 F.R.D. 62, 66 (S.D. Fla. 1986)

Here, the Court finds that Robert D. Moody's expert services were not needed at the juncture at which his services were utilized. The expert's 1.5-page "declaration" was attached to the Complaint. [DE 1- 2]. But there is no requirement that a party attach an expert's declaration to a complaint. Instead, Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, all services performed by Robert Moody were completed approximately two months prior to the filing of the Complaint. [DE 12-4]. Thus, the Court finds that the costs incurred by Robert Moody were for the purposes of investigation or to aid Plaintiff in a more thorough

8

preparation of the case—and thus, not recoverable as litigation expenses. *Nat'l Bancard* Corp, 112 F.R.D. at 66.

Alternatively, even if the expert fee was recoverable, the Court finds that the hourly rate charged is excessive. Robert Moody charged $450 per hour as an expert in this case, and billed $4,050 to produce a 1.5-page "declaration." [DE 12-4]. In the Court's experience, this is excessive. Thus, if the expert fee was recoverable, the undersigned would reduce the amount billed by 75%.

### E. Costs

Plaintiff's Counsel incurred taxable costs in the amount of $485.80, consisting of the case filing fee of $400.00, the cost for service of process of the Complaint on Defendant of $55.80, and the costs for copies of papers that were necessarily obtained for use in this case of $30.00. These are appropriate and reasonable costs. Thus, the Court finds that the summation of the allowable taxable costs per 28 U.S.C. § 1920(1) and (4), as stated above, are $485.80.

### IV. CONCLUSION

In light of the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the District Judge award Plaintiff attorneys' fees in the amount of $2,932.50 and costs in the amount of $485.80, for a total amount of $3,418.30. The undersigned also recommends that the appropriate statutory interest rate be applied, that a judgment be entered accordingly, and that the judgment should let execution issue.

### NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Rodney Smith within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object

to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge